MR. JUSTICE SHEEHY,
dissenting:
I dissent.
The position under Art. VI, B that any employment dispute having an economic impact more than $500 is “non-grievable” (in the parlance of the parties) guts the protection to employees under the collective bargaining agreement. That position forecloses any arbitration except for the most minuscule of disputes.
What is more important to me in this case is the obvious use by the city of the collective bargaining agreement to engage in the unlawful practice of preventing a temporary employee from accumula *437 tion of annual leave time. The provisions of Sections 2-18-601(12), (13), MCA (“continuous employment” and “break in service”), relied on both by this Court and the city are definitions provided by the statutes for the determination of annual leave time under Part 6, Chapter 18, Title 2 of our codes. The use of these provisions should be limited to interpretations under Section 2-18-611, MCA, the computation of annual vacation leave which provides for temporary employees:
“(5) Temporary employees do not earn vacation leave credits, except that a temporary employee who is subsequently hired into a permanent position within the same jurisdiction without a break in service, and temporary employees or employed continuously longer than six months may count as earned leave credits for the immediate term of temporary employment.”
It seems obvious that the hiring of Morrison on a temporary basis for less than six months, laying him off for 14 working days and then rehiring him for an additional period of less than six months is a ploy to avoid the accumulation of benefits such as annual vacation leave for Morrison. Such a procedure is unlawful under Section 2-18-621, MCA:
“Unlawful termination. It shall be unlawful for an employer to terminate or separate an employee from his employment in an attempt to circumvent the provisions of 2-18-611, 2-18-612 and 2-18-614. Should a question arise out of this section, it shall be submitted to arbitration as provided in Title 27, Chapter 5, as if an agreement described in 27-5-114 is in effect, unless there is a collective bargaining agreement to the contrary applicable.”
Thus not only should the union have the right to submit to arbitration the question of the refusal to hire Morrison, but there is an additional question here of unlawful activity on the part of the city to avoid the accumulation of annual leave which is itself arbitrable by law.
But even if we should conclude that the job renewal issue is not one for arbitration under the collective bargaining agreement, the matter should not end here. Morrison himself, as an individual, has a right to question in the District Court, if the collective bargaining agreement does not apply, his contractual rights both for reemployment and to annual leave time if the city acted unlawfully.
I therefore dissent.